## MOWRY L. BRITTON *vs.* THE COMMONWEALTH.

? ⟶ Rev. Sts. c. 126, §§ 39 to 45, enumerate all the different classes of malicious mischief to property, which are made punishable by law, and provide a specific punishment for each class: § 39 further provides, that, for all offences of the same kind, committed "in any manner, or by any means, not particularly described or mentioned" in the same chapter, the punishment shall be "imprisonment in the state prison not more than five years, or by fine," &c.: The subsequent statute of 1846, c. 52, § 1, provides, that, in all cases of malicious mischief, committed "in any manner, or by any means, not particularly described or mentioned in the one hundred and twenty-sixth chapter of the Rev. Sts.," the punishment shall be "by imprisonment in the county jail or house of correction, *not more* than thirty days, or by fine," &c.: It was held, that the negative words, in the last mentioned statute, limiting the punishment, operated to repeal so much of the Rev. Sts. c. 126, § 39, as relates to the punishment of the offences therein described in the general terms above mentioned.

A plaintiff in error, who is discharged on the writ, is entitled to his costs for travel, as an item of the legal costs, to be "borne by the commonwealth," notwithstanding, that, during the pendency of the writ of error, he is imprisoned in a house of correction under the sentence against him.

THE plaintiff in error was tried before a justice of the peace for the county of Worcester, on a complaint, which set forth, that, on the first day of November, in the year eighteen hundred and forty-five, he did, wilfully and maliciously, destroy and injure a wagon harness, the property of the complainant, of the value of seven dollars, by wilfully and maliciously cutting the same to pieces. Being convicted of the offence thus charged, and sentenced therefor to imprisonment in the house of correction for thirty days, the plaintiff appealed to the court of common pleas.

In that court, the plaintiff withdrew the plea of not guilty, upon which he was tried before the justice, and, by way of plea, said he would not contend with the commonwealth He was thereupon sentenced for his offence to imprisonment in the house of correction for the term of three months, to commence immediately from and after the termination of another sentence against him by the same court.

The plaintiff brought his writ of error to reverse the said judgment.

The only error assigned was, that the plaintiff was sen-

tenced to imprisonment in the house of correction, for the term of three months; whereas, by law, he could not be sentenced thereto for a longer period than thirty days.

*H. D. Stone*, for the plaintiff.

*S. D. Parker*, for the commonwealth.

Shaw, C. J. This is a writ of error to reverse a judgment of the court of common pleas in the county of Worcester, upon which the plaintiff in error was sentenced to three months' imprisonment in the house of correction. The prosecution was commenced by a complaint before a justice of the peace, and carried by appeal to the court of common pleas. It was a charge of malicious mischief, in destroying personal property of less value than fifteen dollars, to wit, of the value of seven dollars.

The court are of opinion, that, on this conviction, the punishment cannot exceed thirty days' imprisonment, and therefore that the judgment is erroneous, and must be reversed.

By the statute of 1846, c. 52, § 1, every person, maliciously injuring or destroying personal property of another, by any means not particularly described or mentioned in the Rev. Sts. c. 126, §§ 39 and following, when the value of the property or damage shall not be alleged to exceed fifteen dollars, shall be punished by imprisonment for not more than thirty days, or by fine not exceeding fifteen dollars.

But it is argued on the part of the commonwealth, that the statute of 1846 only makes provision for a class of offences, which are not provided for by the revised statutes; and that the offence in question comes within the description of the latter, and is properly punishable under the thirty-ninth section of the chapter already referred to, which authorizes a punishment by imprisonment not exceeding five years. This section (Rev. Sts. c. 126, § 39) extends to and makes punishable malicious mischief, &c., in destroying or injuring personal property, "in any manner or by any means not particularly described or mentioned in this chapter." In consequence of the extreme generality of this language, which makes it in-

clude offences of every degree, from the slightest to the most aggravated, great latitude was given to the courts in reference to the punishment, and the jurisdiction was limited to courts of record.

The argument is, that the statute of 1846 was intended to embrace a class of cases not made punishable by the revised statutes. If this were the intent, the statute of 1846 would be absolutely a dead letter; there could be nothing for it to act upon, because every case, which could come within it, comes within the revised statutes by exactly the same description, that is, malicious injury to personal property, "in any manner, or by any means, not particularly described or mentioned in this chapter." We think, however, that the statute is not chargeable with any such absurdity; but that it has a plain and significant meaning.

The malicious injury to personal property, which is referred to in the Rev. Sts. c. 126, § 39, is that done in any manner or by any means not particularly described or mentioned in that chapter. Of course, all means not coming within this last general clause were those, which were particularly mentioned or described in the same chapter. Then, when further provision is made, in a statute *in pari materia*, not altering the class of cases, but making further provision for the prosecution of a part of them, to wit, those in which the value of the property, or the injury complained of, was less than fifteen dollars, the same words mean the same thing, namely, in any manner, or by any means, not particularly described or mentioned in the revised statutes. They are used in the statute of 1846, just as they are in the revised statutes, to embrace, in the broadest terms, all cases not particularly described, but only alluded to in general terms. This construction makes the two statutes perfectly harmonious and intelligible. It leaves the revised statutes in full operation as to all malicious injury to property not exceeding fifteen dollars in value; but when the value is less, it limits the punishment to a term of imprisonment of not more than thirty days, and gives a concurrent jurisdiction to justices of the peace.

But it is argued, that if the two statutes do describe th same class of offences, still, as there are no repealing words in the statute of 1846, the provisions of the revised statutes are also in force, and that as the conviction of the defendant by the justice was vacated by his appeal to the court of common pleas, that court had authority, under the revised statutes, to impose the larger penalty.

Without stopping to inquire, whether an appellate court can ever give a longer sentence than the court appealed from might have given, we are of opinion, that the statute of 1846 does repeal the provisions of the revised statutes to a certain extent. It is a statute *in pari materia*, and, after describing the class of offences intended to be affected by it in the same terms with the revised statutes, it provides, that the party convicted thereof shall, when the value of the property so injured or destroyed, or the injury occasioned to the same, shall not be alleged to exceed fifteen dollars, be punished by imprisonment in the county jail or house of correction for *not more* than thirty days. These negative words, in a subsequent statute, do limit and restrain the operation of the revised statutes, as to all the cases within such statute, as effectually as any words of repeal could do ; so that if this case had been a conviction in the court of common pleas, on a prosecution originally commenced there, under the concurrent jurisdiction of that court, the punishment could not have exceeded thirty days' imprisonment.

The statute of 1846 seems only to have carried out what was contemplated when the revised statutes were passed. The general clause above cited from the Rev. Sts. *c.* 126, § 39, was not reported by the commissioners as a part of the corresponding section (§ 35) in their report; but this clause was added by the legislative committee. The same committee also reported an additional section, giving jurisdiction in this and in several other classes of malicious mischief, in petty cases, not exceeding fifteen dollars, to a justice of the peace, and limiting the punishment by imprisonment to a term not exceeding thirty days. The legislature, in finally

26 *

passing the revised statutes, having adopted one of the amend ments proposed by the committee and not the other, left every case of malicious mischief to any personal property, however trifling, to be prosecuted only by indictment, in a court of record, and punishable by imprisonment in the state prison not exceeding five years. As this could hardly have been intended by a wise legislature, it was probably the result of some oversight in bringing together the provisions of so voluminous a work, and was very properly set right by the additional statute.

*Judgment reversed.*

The judgment being reversed, and the plaintiff in error discharged therefrom, a question was made by the attorney for the commonwealth, whether the plaintiff, being imprisoned during the pendency of the writ of error in the house of correction, in pursuance of his sentence thereto, was entitled to costs for his travel.

By the Court. The *St.* of 1842, c. 54, § 3, provides, generally, that in case of the discharge of the plaintiff on the writ of error, "the legal costs shall be borne by the commonwealth." The travel being a part of the legal costs, the plaintiff is entitled to it, notwithstanding his imprisonment